IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,449-08






EX PARTE GARY LYNN ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14,710-96 IN THE 402ND DISTRICT COURT


FROM WOOD COUNTY





 Per curiam.

 


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced
to twenty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. Robinson v. State, 06-05-00129-CR (Tex. App.-Texarkana, delivered Jan. 24, 2006, no pet.).

 Applicant contends that he pleaded guilty pursuant to a plea agreement and that restitution was not
part of the agreement. Alternatively, he contends that he was not notified before being sentenced that he
would have to pay restitution. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If he is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant pleaded guilty pursuant to a plea
agreement and, if so, whether restitution was part of the agreement. If the trial court finds that restitution
was not part of the agreement, the trial court shall make findings as to whether Applicant was afforded an
opportunity to contest the restitution. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: January 16, 2008

Do not publish